IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AHMED SHEDID MOHAMED
GHOUNEIM,

    Petitioner,

v.                                                      No. 2:26-cv-00115-KG-DLM

MARISA FLORES, et al.,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Ahmed Shedid Mohamed Ghouneim's 28 U.S.C. § 2241 habeas petition. Doc. 1. Despite service and an order to answer, the Government failed to respond to the petition. Because Petitioner's challenge presents purely legal questions, the Court declines to hold a hearing, 28 U.S.C. § 2243, and denies the petition without prejudice for the reasons below.

### *I.     Background*

Petitioner, a 41-year-old native and citizen of Egypt, entered the United States near San Ysidro, California "on January 27, 2024, seeking asylum from persecution." Doc. 1 at 2. "After being initially released from custody pending his removal proceedings, [Petitioner] was taken into [Immigration and Customs Enforcement ('ICE')] custody on April 4, 2025." *Id.* He is currently "detained at the Otero County Processing Center in Chaparral, New Mexico." *Id.* at 4. An Immigration Judge ("IJ") "ultimately denied asylum but granted withholding of removal on September 15, 2025, recognizing that [Petitioner] faces a clear probability of persecution if returned to Egypt." *Id.* Both parties waived appeal, so Petitioner's order of removal became administratively final on September 15, 2025. *Id.* at 8, 10. "While his immigration case was

pending, [Petitioner] complied with all legal requirements and attended scheduled hearings" in his immigration case. *Id.* at 7.

"As a consequence of the grant of withholding of removal, the United States government cannot lawfully remove [Petitioner] to Egypt," and Petitioner "has no citizenship, residency, or ties in any country other than Egypt." *Id.* at 8. "[N]o country has indicated willingness to accept him, and removal is not practically attainable at this time or in the foreseeable future." *Id.* at 9. "It has been [under five] months since his removal order became final and [under 10 months] since he was taken into ICE custody." *Id.* Petitioner argues that his continued detention violates the due process framework of *Zadvydas v. Davis*, 533 U.S. 678 (2001).

## II.     Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.    Analysis

After reviewing the record and applicable legal authority, the Court concludes that Petitioner fails to meet the standards set out in *Zadvydas* and that his petition is therefore denied without prejudice.

"[T]he Government ordinarily secures" a noncitizen's removal during the 90 days after issuing a final order for the person to be removed. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). During that 90-day removal period, the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. *Id.*; *see* 8 U.S.C. § 1231(a)(6).

Because a statute permitting a noncitizen's "indefinite detention" would violate due process, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699.  A six-month detention period, the Supreme Court held, is presumptively reasonable.  *Id.* at 701.  After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must…rebut that showing" or release the noncitizen.  *Id*. at 701.  "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future…shrink[s]."  *Id.*  The remedy for a due process violation under *Zadvydas* is typically release of the petitioner under conditions of supervision.  *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

Under these principles, the Court denies Petitioner's habeas petition without prejudice.  As of the date of this order, Petitioner has been detained for under five months since his order of removal became administratively final on September 15, 2025, which is under the presumptively reasonable six-month period of detention that *Zadvydas* recognized.  Attempting to get around this issue, Petitioner cites decisions from this District ordering release, Doc. 1 at 3, but in both decisions, the petitioner was detained beyond six months.  *See Pablo Lorenzo v. Bondi*, 2026 WL 84521, at *4 (D.N.M.) ("Petitioner has been detained for over six months" after removal order); *Jimenez Chacon v. Lyons*, 2025 WL 3496702, at *7 (D.N.M. Dec. 4, 2025) (petitioner detained "at least 11 months" after removal order).  These decisions therefore do not persuade the Court, and the petition is denied without prejudice to its refiling after *Zadvydas*' presumptively reasonable six-month period expires.

IV.     *Conclusion*

Petitioner's § 2241 petition (Doc. 1) is denied without prejudice.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.